UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
LINGXI KONG,

                      Plaintiff,

      -against-

ADAM LINDENBAUM, MICHAEL PENSABENE,
ROSENBERG & ESTIS, P.C., SINCLAIR
HABERMAN, BROOK HABERMAN, HENRYKA
HABERMAN, MAPLE AVENUE LLC, and
HABERMAN & HABERMAN,

                      Defendants.
-------------------------------------------------------------------- x

**ORDER**

No. 24-CV-4808-AMD-JRC

JAMES R. CHO, United States Magistrate Judge:

On August 16, 2024, *pro se* plaintiff Lingxi Kong ("plaintiff") moved for an order directing: (1) defense counsel Matthew S. Blum ("Blum") to file a notice of appearance; (2) Blum to explain "the discrepancy between his current firm affiliation (Rosenberg & Estis PC) and the email service provider (Haworth Rossman & Gertsman, LLC) listed in court records"; and (3) defendants Brook Haberman, Henryka Haberman, Sinclair Haberman, Haberman & Haberman, Maple A Venue LLC (the "Haberman defendants") to provide a waiver of any potential conflicts of interest arising from Blum's representation of defendants Adam Lindenbaum, Michael Pensabene, and Rosenberg & Estis, P.C. (the "R&E defendants"). *See* Mot. to Disqualify, Dkt. 11. For the reasons set forth below, the Court denies plaintiff's motion.

**Factual and Procedural Background**

Plaintiff asserts claims arising under the Racketeer Influenced and Corrupt Organizations ("RICO ") Act, 18 U.S.C. § 1962(c), as well as fraud, abuse of process, and wrongful eviction against defendants, in connection with plaintiff's eviction from an apartment in Queens, New

York. *See* Am. Compl., Dkt. 33. Plaintiff alleges that defendants operated a RICO enterprise "for the unlawful purpose of intentionally defrauding Plaintiff and other tenants." *Id.* at ¶ 46. On March 3, 2025, defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. 35.

## Discussion

**1.     Notice of Appearance**

First, that aspect of plaintiff's motion that requests an order directing Blum to file a notice of appearance in this action was granted by the District Court. *See* Order dated 10/28/2024.

**2.     Email Address**

Second, plaintiff seeks an order compelling Blum to explain "the discrepancy between his current firm affiliation (Rosenberg & Estis PC) and the email service provider (Haworth Rossman & Gertsman, LLC) listed in court records." Mot. to Disqualify at 1. According to plaintiff, "[t]his discrepancy is relevant to the motion for disqualification as it raises questions about Mr. Blum's current professional affiliations and whether he might be subject to conflicting obligations or loyalties that could impact his representation of the Defendants." Aff. in Support ¶ 2, Dkt. 12.

Plaintiff's request is denied as moot since Blum's email address on file with the Court currently corresponds with the law firm with which he is affiliated, Rosenberg & Etis P.C. In addition, Blum affirms that he is currently a member of Rosenberg & Estis P.C. *See* Decl. of Matthew S. Blum, Esq. at ¶ 4, Dkt. 27. In any event, plaintiff has suffered no prejudice as a result of which email address Blum receives notifications from the Court.

3.  **Disqualification**

Finally, plaintiff moves to disqualify Blum from representing all defendants on the grounds that Blum's joint representation constitutes a conflict of interest on various grounds. *See* Aff. in Support at ¶¶ 4-9, Dkt. 12; Reply in Support, Dkt. 28.

In assessing a motion to disqualify counsel, the Court must "balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession." *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (internal quotation marks and citations omitted). "[M]otions to disqualify opposing counsel are viewed with disfavor in this Circuit because they are often interposed for tactical reasons and result in unnecessary delay." *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 300 (E.D.N.Y. 2009) (citation and internal quotation marks omitted); *see Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir 1979); *Painter v. Turing Pharms., LLC*, No. 17-CV-7558, 2018 WL 10529533, at *1 (E.D.N.Y. Aug. 7, 2018). Thus, "[d]isqualification of an attorney is only appropriate where there has been a clear violation of the Code of Professional Responsibility leading to a significant risk of trial taint." *Colandrea v. Town of Orangetown*, 490 F. Supp. 2d 342, 352 (S.D.N.Y. 2007) (internal quotation marks and citations omitted); *see Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981). The movant bears a heavy burden, and must establish specific facts warranting the disqualification. *See Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791, 794 (2d Cir. 1983); *White v. Cnty. of Suffolk*, No. 20-CV-1501, 2023 WL 8788914, at *5 (E.D.N.Y. Dec. 19, 2023).

a.  **Concurrent Representation**

First, plaintiff argues that Rosenberg & Estis, and its attorneys, should be disqualified because they represent both the R&E defendants and the Haberman defendants. *See* Aff. in

3

Support at ¶ 4, Dkt. 12; Reply in Support at ¶¶ 3-9, Dkt. 28.  Plaintiff suggests several scenarios under which the Haberman defendants and the R&E defendants "may have conflicting interests," including "[d]ivergent [d]efense strategies" and "[p]otential [c]ross-claims."  *See* Aff. in Support ¶ 4, Dkt. 12.

Rule 1.7(a)(1) of the Rules of Professional Conduct provides that "a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests."  N.Y. Rules of Prof'l Conduct 1.7(a)(1).  It is well settled that "[m]erely representing multiple clients who have similar interests in seeking joint representation does not automatically impair effective assistance of counsel or constitute a violation of [American Bar Association Model Code of Professional Responsibility Rule] 5-105."[1]  *Flaherty v. Filardi*, No. 03-CV-2167, 2004 WL 1488213, at *2 (S.D.N.Y. July 1, 2004) (citing *United States v. Curcio*, 680 F.2d 881, 884-86 (2d Cir. 1982)).  When counsel jointly represents multiple defendants, disqualification will be warranted only when "counsel actively represented conflicting interests and . . . an actual conflict of interest adversely affected the defense lawyer's performance."  *Patterson v. Balsamico*, 440 F.3d 104, 115 (2d Cir. 2006) (internal quotation marks and brackets omitted).  "An attorney has an actual, as opposed to a potential, conflict of interest when, during the course of the representation, the attorney's and [the client's] interests diverge with respect to a material factual or legal issue or to a course of action."  *United States v. Schwarz*, 283 F.3d 76, 91 (2d Cir. 2002) (quoting *Winkler v. Keane*, 7

---

[1] The Court is guided by both the American Bar Association ("ABA") and New York's Rules of Professional Conduct to determine disqualification motions.  *See Superb Motors Inc. v. Deo*, No. 23-CV-6188, 2023 WL 8358062, at *3–*4 (E.D.N.Y. Dec. 1, 2023); *All Star Carts & Vehicles, Inc. v. BFI Can. Income Fund*, No. 08-CV-1816, 2010 WL 2243351, at *3 (E.D.N.Y. June 1, 2010).  Disciplinary Rule 5–105 of the ABA Model Code of Professional Responsibility forbids a lawyer from representing a client if that representation will adversely affect the interests of another current client or the attorney is representing parties who have differing interests.  *See* ABA Code DR 5–105(A)–(B).

F.3d 304, 307 (2d Cir. 1993)).

Here, plaintiff has failed to establish that an actual conflict exists. The scenarios proffered by plaintiff in which various defendants would have to take positions adverse to each other are pure speculation at this juncture. *See Superb Motors*, 2023 WL 8358062, at *4; *Bartolini v. Mongelli*, No. 17-CV-6276, 2018 WL 2725417, at *3 (E.D.N.Y. June 5, 2018); *Muniz v. Re Spec Corp.*, 230 F. Supp. 3d 147, 155 (S.D.N.Y. 2017) ("[T]he mere possibility of a legally cognizable claim between or among a group of jointly represented clients does not require disqualification of their counsel.").

Plaintiff argues that because he alleges a "conspiracy and coordinated illegal activity" among defendants, "[e]ach defendant may have an incentive to shift blame or minimize their own involvement, leading to conflicting interests." Reply in Support ¶ 7, Dkt. 28. However, it is not unusual in a conspiracy case for the same counsel to represent codefendants up and until an actual conflict emerges. *See Bartolini*, 2018 WL 2725417, at *3. At this juncture, plaintiff has not provided any basis to believe that defendants have diverging interests. On the contrary, the defendants' joint motion to dismiss the amended complaint demonstrates that their interests are presently aligned. Dkt. 35. If defendants change their positions or an actual conflict arises, "the disqualification issue can be re-visited." *A.I. Credit Corp. v. Providence Washington Ins. Co., Inc.*, No. 96-CV-7955, 1997 WL 231127, at *4 (S.D.N.Y. May 7, 1997).

Accordingly, in the absence of specific facts showing that an actual conflict will arise, the Court declines to disqualify Rosenberg & Estis or require it to produce a written waiver from the Haberman defendants. *See Superb Motors*, 2023 WL 8358062, at *4; *All Star Carts*, 2010 WL 2243351, at *5 (denying motion to disqualify based on speculation that a future conflict might arise); *Ritchie v. Gano*, No. 07-CV-7269, 2008 WL 4178152, at *10 (S.D.N.Y. Sept. 8, 2008)

(denying motion for disqualification where the alleged conflict was "mere speculation" at that point in the litigation); *Tartaglia v. City of New York*, No. 98-CV-5584, 1999 WL 151104, at *2 (S.D.N.Y. Mar. 19, 1999) ("[a]s the litigation now stands, [the defendants] share an interest in challenging plaintiff's allegations").

      b.      **Personal Interest**

In his reply brief, plaintiff, for the first time, cites Rule 1.7(a) in arguing that the R&E defendants have a "personal stake in defending against allegations of their own wrongdoing[, which] creates an unavoidable conflict." *See* Reply in Support ¶ 12, Dkt. 28. As an initial matter, "[a]rguments may not be made for the first time in a reply brief." *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016) (quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)).

Rule 1.7(a)(2) provides that "[a] lawyer shall not represent a client if a reasonable lawyer would conclude that . . . there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests." N.Y. R. Prof'l Conduct § 1.7(a)(2). Such a conflict of interest may be imputed to the law firm with which the lawyer is associated. *See* N.Y. Rules of Prof'l Conduct 1.10(a). However, in order to justify disqualification, "there must be a 'significant risk' that these interests will 'adversely affect[ ]' the lawyer's exercise of professional judgment on behalf of the client." *See Power Play 1 LLC v. Norfolk Tide Baseball Club, LLC*, No. 17-CV-4831, 2017 WL 5312193, at *4 (S.D.N.Y. Nov. 13, 2017) (quoting N.Y. Rules of Prof'l Conduct 1.7(a)(2)).

Here, plaintiff has not identified any personal interest on the part of the Rosenberg & Estis firm that is adverse to its representation of the Haberman defendants. *See Power Play*,

6

2017 WL 5312193, at *4.  As discussed above, at this stage of the case, the interests of the R&E defendants appear to be aligned with the interests of the Haberman defendants.

Plaintiff complains that there are "serious ethical issues" raised because "the attorneys themselves are named defendants accused of participating in the wrongful conduct."  Reply in Support ¶ 2, Dkt. 28.  Among the R&E defendants themselves, however, "[t]here is no barrier . . . to a lawyer being represented by his or her law firm."  *Bartolini*, 2018 WL 2725417, at *6; *see Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 304 (E.D.N.Y. 2009) ("Proskauer is permitted to represent itself, as well as its client, in any action where it is a defendant, in the absence of some inherent conflict or other basis for disqualification.").  Even if there were misconduct on the part of attorneys that work for Rosenberg & Estis, as alleged by plaintiff, "nothing prevents the lawyers accused of impropriety from retaining their law firm to represent them in a civil action."  *Bartolini*, 2018 WL 2725417, at *6; *see NAVCAN.DC, Inc. v. Rinde*, No. 23-CV-2267, 2024 WL 4635334, at *2 (S.D.N.Y. Oct. 30, 2024).

        **c.**     **Attorney-Witness Rule**

Again, for the first time in his reply brief, plaintiff argues that the attorney-witness rule of Rule 3.7(a) of the New York Rules of Professional Conduct bars Rosenberg & Estes' representation of defendants.  *See* Reply in Support ¶¶ 10-11, Dkt. 28.  Rule 3.7(a) provides that a "lawyer shall not act as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact."  N.Y. R. Prof'l Conduct § 3.7(a).  However, disqualification under subsection (a) is triggered only when the attorney-witness actually serves as an advocate before the jury.  *See Murray v. Met. Life Ins. Co.*, 583 F.3d 173, 179 (2d Cir. 2009).  Here, since the R&E defendants have not appeared as counsel of record, section 3.7(a) does not apply.

7

Under Rule 3.7(b), "[a] lawyer may not act as an advocate before a tribunal in a matter if . . . another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client." *See* N.Y. R. Prof'l Conduct § 3.7(b)(1). To disqualify an attorney by imputation under Rule 3.7(b)(1), the movant must "prove[ ] by clear and convincing evidence that [A] the witness will provide testimony prejudicial to the client, and [B] the integrity of the judicial system will suffer as a result." *Murray*, 583 F.3d at 178-79. In imputation cases, the concerns underlying the attorney-witness rule are "absent or, at least, greatly reduced." *Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 283 (2d Cir. 2004). "The tribunal is not likely to be misled when a lawyer acts as advocate in a trial in which another lawyer in the lawyer's firm will testify as a necessary witness." *Murray*, 583 F.3d at 178. Moreover, when the attorney-witness is also one of the litigants, the attorney-witness rule "does not generally control." *See NAVCAN.DC*, 2024 WL 4635334, at *2 (citation omitted).

First, courts have generally found that the advocate-witness rule only applies to counsel's participation at trial and is not a bar to pre-trial proceedings. *See Prout v. Vladeck*, 316 F. Supp. 3d 784, 810 (S.D.N.Y. 2018) ("Where there has been only limited discovery and it is not yet clear the extent to which an attorney's testimony might be necessary or prejudicial, numerous courts have found that motions to disqualify counsel are premature."). Thus, for that reason alone, plaintiff's motion is premature.

In any event, plaintiff has not established by clear and convincing evidence that the R&E defendants will give testimony so prejudicial to the Haberman defendants that the integrity of the judicial system may be threatened and disqualification is warranted. There is no reason to believe that the R&E defendants' testimony would be inconsistent with their clients' account of

8

the facts. *See Arenson Off. Furnishings, Inc. v. Kopelman*, No. 20-CV-10497, 2021 WL 1758806, at *4 (S.D.N.Y. May 4, 2021); *Bakken Res., Inc. v. Edington*, No. 15-CV-8686, 2017 WL 1184289, at *5 (S.D.N.Y. Mar. 29, 2017); *Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d 368, 377-78 (E.D.N.Y. 2010). Further, plaintiff has not offered any reason for the Court to find that a tribunal would be misled because Mr. Blum acts as advocate in a trial in which the R&E defendants, who are lawyers in his firm, will testify as witnesses. Plaintiff has failed to satisfy his heavy burden to warrant depriving defendants of their choice of counsel. *See Evans*, 715 F.2d at 791 (noting that disqualification motions are disfavored because they impinge on a "client's right freely to choose his counsel"); *Arenson Off.*, 2021 WL 1758806, at *4; *Bakken Res.*, 2017 WL 1184289, at *5.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion to disqualify (Dkt. 11).

**SO ORDERED**

Dated: Brooklyn, New York
       July 1, 2025

                                        s/ James R. Cho
                                        James R. Cho
                                        United States Magistrate Judge